```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
                              :
          vs.                 :  No. 4:CR-01-0384
                              :
ERIC SHIELDS                  :  (Judge Muir)
```

**ORDER**

May 6, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 5, 2001, a Grand Jury sitting in the Middle District of Pennsylvania returned a one-count Indictment charging Eric Shields with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). On February 27, 2002, Shields entered a plea of guilty to the Indictment. By order of February 28, 2002, the court directed that a presentence report be prepared and scheduled a presentence conference for May 30, 2002. However, because of certain problems associated with the case which we have detailed in prior orders and will not be repeated in this order the presentence conference was continued several times.

A presentence report and addendum thereto were prepared and submitted to the court on May 13, 2004. Probation Officer Drew Thompson determined that the total offense level is 18, the criminal history category is I and the guideline imprisonment range is 27 to 33 months. Defendant filed a motion for a downward departure from that range based upon his post-offense rehabilitative efforts and his reduced mental capacity. On November 30, 2004, we issued an opinion and order resolving

Shields's motion for downward departure.  We granted Shields a 4-level downward departure for his post-offense rehabilitative efforts and a 2-level downward departure for his reduced mental capacity.  That opinion and order set a guideline imprisonment range of 10 to 16 months.

On December 9, 2004, the Government requested an evidentiary hearing on Shields's objection to paragraph 13 of the presentence report relating to the number of images possessed by Shields. Based on that request a hearing was scheduled for January 24, 2005.  On January 18, 2005, Shields withdrew the objections to paragraph 13 and filed a motion to cancel the evidentiary hearing.  On January 19, 2005, an order was issued canceling the evidentiary hearing.  On April 4, 2005, we issued an order scheduling sentencing for May 5, 2005.

On May 4, 2005, Probation Officer Eric W. Noll filed a bail violation report. In that report Mr. Noll states that he conducted an unannounced home visit on May 3, 2005, at the residence of Shields.  During that visit Mr. Noll reports that he discovered that Mr. Shields was in possession of pornographic, sexually oriented or sexually stimulating Digital Video Discs (DVDs).  Mr. Shields has been on pretrial supervision since January 16, 2005.  A condition of Shields's pretrial supervision was that he "not possess any pornographic, sexually oriented, sexually stimulating material in any media, including, but not

limited to, visual, auditory, telephonic, written, or electronic media, to include computer programs or services[.]"[1]

Shields appeared before the court for sentencing on May 5, 2005. At that time Shields took the position that the bail violation report was not relevant to sentencing and that he had not violated the conditions of his pretrial release. Government counsel contested that assertion. In light of the dispute as to the facts as to the alleged bail violation we issued an oral order scheduling a hearing to determine whether or not Shields violated the conditions of his pretrial supervision. The purpose of this order, inter alia, is to reduce that oral order to writing.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. A hearing on the bail violation report will be held in Courtroom No. 1, Williamsport, on Friday, May 13, 2005, at 10:00 a.m.

2. Counsel shall fully comply with the practice order issued in this case relating to the filing of annotated proposed findings of fact and conclusions of law.

---

1. On January 13, 2002, the Probation Office conducted an unannounced home visit at Shields's residence and discovered several papers which contained stories about young children having sexual relations. A violation report was submitted to the court and a hearing scheduled. Prior to the hearing, the Government and Shields reached an agreement and the hearing did not occur. The agreement which was approved by this court by order of February 5, 2002, included the provision prohibiting Shields from possessing pornographic, sexually oriented or sexual stimulating materials.

3.  Counsel shall also address at the hearing the question of whether or not Shields's alleged violation of the conditions of his pretrial supervision would justify the court in reassessing its evaluation of Shields's post-offense rehabilitative efforts and Shields's entitlement to a 3-level downward adjustment for acceptance of responsibility.

        s/Malcolm Muir
        _____
        MUIR, U.S. District Judge

MM:gs